UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GLEN MAURO, <br><br> Plaintiff(s), <br><br> vs. <br><br> LOWE'S COMPANIES, INC.; JANE AND JOHN DOES (1-5) (Fictitious Individuals); A-Z OWNER CORPORATIONS (1-5) (Fictitious Corporations) <br><br> Defendants. | NOTICE OF REMOVAL <br><br> CIVIL ACTION NO.: <br><br> JURY TRIAL DEMANDED |

### DEFENDANT LOWE'S HOME CENTER LLC'S NOTICE OF REMOVAL

Defendant Lowe's Home Centers LLC i/p/a Lowe's Companies Inc. (hereinafter referred to as "Lowe's" or "Defendant") files this Notice of Removal pursuant to 28 U.S.C. §1441(a) and (b) to remove this action from the Superior Court of New Jersey, Law Division, Ocean County, where it is now pending, to the United States District Court for the District of New Jersey. Defendant Lowe's, in support thereof, states as follows:

1. A Civil Action has been brought against the above-identified Defendant by the Plaintiff Glen Mauro (hereinafter referred to as "Plaintiff") and is pending in the Superior Court of New Jersey, Law Division, Ocean County, docket number OCN-L-186-21. Plaintiff's Complaint against the above named Defendant was filed on or about January 21, 2021, and served on Lowe's on or about January 22, 2021. A copy of Plaintiff's Complaint is attached hereto as Exhibit "A".

2. The State Court wherein this action was originally filed is located in Ocean County, New Jersey, which is embraced within this jurisdictional district.

3. Removal from the Superior Court of New Jersey, Law Division, Ocean County is proper under 28 U.S.C. §§1441(a) and (b), which authorizes the removal of any civil action of which the District Courts of the United States has original jurisdiction and if "none of the parties in interest properly joined and served as a defendant is a citizen of the state in which such action is brought."

4. This Court has original jurisdiction over the subject matter under 28 U.S.C. §1332 as the parties are citizens of different states, and the matter in controversy exceeds $75,000.00 as set forth below.

5. Specifically, in the alleged falling merchandise incident that is the subject of Plaintiff's Complaint, Plaintiff claims that as a result of the negligence of Defendant, he was caused to be struck by falling merchandise at a Lowe's store located at 1053 Route 70, Manchester, New Jersey.  See Exhibit "A".

6. In the Complaint, Plaintiff demands Judgment for damages against Defendant, including for interest and costs of suit.  See Exhibit "A".

7. Within Plaintiff's Complaint, he makes a demand for statement of damages in the amount of $300,000.  See Exhibit "A".

8. As such, based on the allegations of Plaintiff's purported serious and permanent injuries, economic damages and a damages demand of $300,00 it is Lowe's position that Plaintiff is seeking an amount in excess of $75,000 and this Court does not have to guess as to whether the jurisdictional threshold has been met.  See Exhibit "A".

9. Furthermore, removal is proper as the parties are citizens of different states as Plaintiff is a citizen of New Jersey and  pursuant to *12 U.S. Code §1717*, Defendant Lowe's

28994047.v1

        maintains its principal place of business in North Carolina and shall be deemed, for purposes of venue in civil actions, to be a resident thereof.

10. Based upon the forgoing, we respectfully submit removal from the Superior Court of New Jersey, Law Division Ocean County is proper under 28 U.S.C. §1441(a) and (b).

12. Plaintiff's Complaint was filed on January 21, 2021 and served on Defendant on or about January 22, 2021. This Notice of Removal is being timely filed within 30 days of service on Defendant Lowe's of the Complaint.

13. This Court has original jurisdiction over the subject matter under 28 U.S.C. §1332 as the parties are citizens of different states, and the matter in controversy exceeds $75,000 as set forth above. Based on Plaintiff's claims for serious and permanent personal injury claims, economic damages, interest/costs of suit, as well as Plaintiff's statement of damages of $300,000, this Court does not have to guess as to whether Plaintiff is seeking an amount in excess of $75,000.

14. Based on the foregoing, the requirements of 28 U.S.C. §1441(a) and (b), 1446 and 1332 have been satisfied and the within matter is properly removable.

**WHEREFORE**, Defendant Lowe's respectfully requests that the State Action be removed from the Superior Court of New Jersey Law Division, Ocean County to the United States District Court for the District of New Jersey.

Dated: February 4, 2021        s/ *Michael J. Leegan*

        Michael J. Leegan, Esquire
        **GOLDBERG SEGALLA LLP**
        301 Carnegie Center, Suite 200
        Princeton, NJ 08540
        609-986-1326
        609-986-1301 - Fax
        Attorneys for Defendant Lowe's Home
        Centers LLC i/p/a Lowe's Companies Inc.