*EXHIBIT A*

ROBERT R. FUGGI, JR., ESQUIRE
ATTORNEY ID:  037581992
FUGGI LAW FIRM, P.C.
47 Main Street
P.O. Box 1808
Toms River, New Jersey 08754
Tel: (732) 240-9095 | Fax: (732) 240-9072
Email: fuggistaff@fuggilaw.com
Attorneys for Plaintiff

| | |
|---|---|
| GLEN MAURO <br><br> Plaintiff, <br><br> v. <br><br> LOWE'S COMPANIES, INC.; JANE AND JOHN DOES (1-5) (Fictitious Individuals); A-Z OWNER CORPORATIONS (1-5) (Fictitious Corporations) <br><br><br> Defendant. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION – OCEAN COUNTY DOCKET NO.:    OCN-  L- <br><br> **Civil Action** <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL WITH DESIGNATION OF TRIAL COUNSEL; DEMAND FOR ANSWERS TO INTERROGATORIES; PLAINTIFF'S DEMAND FOR DAMAGES; AND NOTICE TO PRODUCE** |

        Plaintiff Glen Mauro, Residing at 46 Chalfont Lane, in the Township of Manchester, County of Ocean, State of New Jersey, 08759, by way of Complaint against the Defendants, allege the following:

### STATEMENT OF FACTS

1. Plaintiff Glen Mauro has lived an active lifestyle and enjoyed a successful Acting career.  Plaintiff has competed in many sports like wrestling, baseball, boxing, swimming, and golf

and has trained with Los Angeles City Fire Fighters learning equipment and tactical training.

2. Plaintiff Glen Mauro began his career as a model traveling around the world to many locations including France, Switzerland, and Milan. Plaintiff Glen Mauro's hard work culminated with roles in numerous feature films and television shows including, but not limited to Once Bitten, Amazing Stories: The Mission, The substitute, Jack and Jill, and Pacific Blue. Plaintiff Glen Mauro has had the opportunity to work with many people in Hollywood including Steven Spielberg and Plaintiff also appeared in Don Henley's Boys of Summer Music Video.

3. Plaintiff Glen Mauro has also worked and contributed behind the scenes on many films, commercials, and television productions.

4. Plaintiff Glen Mauro was diagnosed with Rheumatoid Arthritis in 1997. The Rheumatoid Arthritis later caused Plaintiff Glen Mauro to require a Bunionectomy.

5. On or about June 10, 2019, Plaintiff Glen Mauro had surgery, a bunionectomy, on his right foot requiring the insertion of hardware into his foot to correct a bunion.

6. On or about June 14, 2019, Plaintiff Glen Mauro had a follow up visit with the doctor. Plaintiff Glenn Mauro was in a

surgical shoe, was healing properly and was not experiencing any pain.

7. On or about July 19, 2019, Plaintiff Glen Mauro had a follow up visit with the doctor. Plaintiff Glen Mauro was out of the surgical shoe and wearing sneakers, was healing properly and was not experiencing any pain. Plaintiff received a cortisone injection.

8. On or about August 15, 2019, Plaintiff Glen Mauro had a follow up visit with the doctor. Plaintiff Glen Mauro was wearing sneakers, was healing properly and was not experiencing any pain. Plaintiff received a cortisone injection.

9. On or about September 5, 2019, Plaintiff Glen Mauro had a follow up visit with the doctor. Plaintiff Glen Mauro received custom made orthotics for his foot.

10.    On or about September 5, 2019, Plaintiff Glen Mauro, a Male of 58 years of age, was a business invitee shopping in the Manchester location of Lowe's Companies, Inc. ("lowe's"), 1053 NJ-70 Manchester, N.J.  08759.

11.    As Plaintiff Glen Mauro was shopping for 2X4 pieces of lumber, he reached to grab a board off the pile of 2x4 wood located in the aisle, subsequently following his brother grabbing two boards, but before he could turn around to grab a 2x4 piece of lumber the pile collapsed and fell on his right ankle and surgically repaired foot.

12.     Aware of Plaintiff Glen Mauro's recent surgery, Plaintiff's brother began removing the 2x4 lumber from Plaintiff Glen Mauro's foot as Plaintiff sat down.

13.     As a result of the 2x4 lumber falling on Plaintiff Glen Mauro's foot, Plaintiff's foot was "throbbing like a cartoon."

14.     Lowe's lumber aisles are constructed in such a way that the lumber pallets are stacked on metal braces with pipe inserts and chain to secure the lumber in place and keep it from falling into the aisle.  At the time of this incident, the pipes were laying on the ground and chains were disconnected. [Exhibit A; Exhibit B; Exhibit C]

15.     At the time of this incident, four Lowe's Managers were informed of the incident, but when they arrived on the scene they failed to help the injured Plaintiff Glen Mauro and instead began restacking the pile of 2x4 wood.

16.     After the fall, a Lowe's cashier laughed at the incident involving Plaintiff Mauro's fall.

17.     As a result of the 2x4 wood collapsing on Plaintiff's foot, Plaintiff Glen Mauro has suffered serious bodily injuries including, but not limited to, a full thickness ulceration on his surgically repaired right foot requiring a second surgery.

18.   On or about September 6, 2019, Plaintiff Glen Mauro visited his doctor regarding his surgically repaired foot that just had a pallet of lumber collapse on it.

19.   On or about September 26, 2019, Plaintiff Glen Mauro had a follow up visit with the doctor where he had acute pain and swelling. Plaintiff Glen Mauro received a cortisone injection.

20.   On or about November 7, 2019, Plaintiff Glen Mauro had a follow up visit with the doctor. Plaintiff had no pain, but sudden bruising.

21.   On or about January 16, 2020, Plaintiff Glen Mauro had a follow up visit with the doctor. Plaintiff Glen Mauro required medical treatment for his nails which were discolored and painful.

22.   On or about February 27, 2020, Plaintiff Glen Mauro was experiencing a full thickness ulceration that Plaintiff had noticed opening for several days on his right surgically repaired foot that had the pallet of wood from Lowe's fall on it. Plaintiff was in Pain.

23.   On or About July 20, 2020, Plaintiff had to have a second surgery on his right foot that had the pallet of 2x4 lumber fall on it.

24.   Wherever appearing in this Complaint, each and every reference to Defendants, or any of them, is intended to, and

shall be deemed to, include all fictitiously named
Defendants.

## COUNT ONE
## NEGLIGENCE

1. Plaintiff Glen Mauro, repeats and reiterates all of the
   allegations contained in the previous counts and/or
   paragraphs as if set forth at length herein.

2. At all relevant times, Defendant Lowe's Companies, Inc.
   ("lowe's") is and was a business existing under the duly
   enacted laws of the State of New Jersey with its principal
   place of business located at 1053 NJ-70 Manchester, NJ
   08759, County of Ocean and State of New Jersey.

3. At all times relevant hereto, Defendant Lowe's was the
   owner of the premises and /or operated, controlled and
   maintained the property.

4. All aforementioned Defendants played a role in the
   construction, arrangement, instrumentation or maintenance
   of the aforementioned premises, and thereby have been the
   cause of or contributed to the Plaintiff's injuries.

5. On September 5, 2019, the Plaintiff Glen Mauro was lawfully
   present as a business invitee upon the aforesaid premises
   of Defendant Lowe's.

6. At all times relevant hereto, all aforementioned Defendants
   failed to exercise the degree of care for the protection,

safety, security and well-being of others which a person of ordinary prudence would exercise under similar circumstances.

7. At all times relevant hereto, all aforementioned Defendants failed to use that degree of care, precaution and vigilance which a reasonably prudent person would use under the same or similar circumstances by failing to use the proper protocol in securing the 2x4 wood with the pipe and chain barrier designed to prevent the wood from collapsing into the aisle.

8. As a direct and proximate result of negligence of Defendants, Plaintiff Glen Mauro was caused to sustain serious and permanent physical injury; severe emotional distress; diminished enjoyment of life; anxiety; depression; humiliation; pain in mind and body; severe embarrassment; significant expenses for medical care and treatment, is and has been unable to live a normal life; is and has been unable to engage in normal activities; will in the future be caused to endure severe pain in mind and body; will in the future be prevented from engaging in his normal daily activities; will in the future be caused to incur significant expenses for medical care and treatment; and was and will in the future be caused to sustain other great losses.

   **WHEREFORE**, Plaintiff Glen Mauro hereby demands judgment against Defendants for compensatory and punitive damages, interest, costs of suit, attorneys' fees and such other relief as the court of jury may deem proper.

## COUNT TWO
### GROSS NEGLIGENCE

9.   Plaintiff Glen Mauro repeats and reiterates all of the allegations contained in the previous counts and/or paragraphs as set forth at length herein.

10.   At all times relevant hereto, Defendant Lowe's is and was a business existing under the duly enacted laws of the State of New Jersey with its principal place of business located at 1053 NJ-70 Manchester, NJ 08759, County of Ocean and State of New Jersey.

11.   At all times relevant hereto, Defendant Lowe's was the owner of the premises and operated, controlled and maintained the property.

12.   On September 5, 2019, Plaintiff Glen Mauro was lawfully present as a business invitee upon the aforesaid premises.

13. Defendants carelessly, recklessly and negligently failed to exercise ordinary care, and were grossly negligent and otherwise failed to exercise the degree of care commonly exercised by landowners in like cases with

regard to the existing state of knowledge in dangerous artificial conditions on the landowners' property.

14.     Defendants owed a duty to inspect the property for dangerous artificial conditions to ensure that business invitees and/or licensees were safe from unreasonable risk of injury to others.

15.     Defendants breached that duty with an absence of, or failure to exercise, slight care or diligence in maintaining the aisles of the store containing the 2x4 Lumber creating a dangerous artificial condition on their property by failing to use the proper protocol in securing the 2x4 wood with the pipe and chain barrier designed to prevent the wood from collapsing into the aisle.

16.     As a direct and proximate result of the carelessness, recklessness, negligence and gross negligence of all aforementioned Defendants, the Plaintiff, Glen Mauro, was caused to undergo extensive costly procedures and examinations, diagnostic tests and surgery to determine the extent of and attempt to remedy his serious injuries, and was caused to suffer permanent injuries.

17.     All of the injuries and damages sustained by the Plaintiff were the direct and proximate result of the grossly negligent actions of Defendants, without any act or

omission on the part of the Plaintiff directly thereunto contributing.

18.     Plaintiff Glen Mauro did not assume the risk of his injuries.

19.     As a direct and proximate result of the negligence of the Defendants, Plaintiff Glen Mauro was caused to sustain serious and permanent physical injury; severe emotional distress, diminished enjoyment of life; anxiety; depression; humiliation; pain in mind and body; severe embarrassment; significant expenses for medical care and treatment; is and has been unable to live a normal life; is and has been unable to engage in normal activities; will in the future be caused to endure severe pain in mind and body; will in the future be prevented from engaging in his normal daily activities; will in the future be caused to incur significant expenses for medical care and treatment; and was and will in the future be caused to sustain other great losses.

WHEREFORE, Plaintiff Glen Mauro hereby demands judgment against Defendants for compensatory and punitive damages, interests, costs of suit, attorneys' fees and other such relief as the court or jury may deem proper.

## COUNT THREE
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

20.     Plaintiff Glen Mauro repeats and reiterates all of the

allegations contained in the previous counts and/or

paragraphs as if set forth at length herein.

21.     At all times relevant hereto, Defendant Lowe's is and

was a business existing under the duly enacted laws of the

State of New Jersey with its principal place of business

located at 1053 NJ-70 Manchester, NJ 08759, County of Ocean

and State of New Jersey.

22.     At all times relevant hereto, Defendant Lowe's was the

owner of the premises and operated, controlled and

maintained the property.

23.     On or about September 5, 2019, Defendant Lowe's was

the owner of the subject premises and permitted Plaintiff

Glen Mauro, who was a business invitee, to shop on the

premises.

24.     At all times relevant hereto, all aforementioned

Defendants were under a duty to conduct themselves in a

reasonable and prudent manner so as not to cause injury to

the Plaintiff or other persons.

25.     Despite said duties, Defendants were reckless in their

conduct and behavior in that they failed to act in a

careful and circumspect manner and were so reckless,

careless and negligent so as to endanger the welfare of the
Plaintiff and to cause this incident to occur.

26.    As a direct and proximate result of the recklessness
of Defendants, Plaintiff Glen Mauro was caused to sustain
serious and permanent physical injury; sever emotional
distress; diminished enjoyment of life; anxiety;
depression; humiliation; pain in the mind and body; sever
embarrassment; significant expenses for medical care and
treatment; is and has been unable to engage in normal
activities; will in the future be caused to endure severe
pain in mind and body; will in the future be prevented from
engaging in his normal daily activities; will in the future
be caused to incur significant expenses for medical care
and treatment; and was and will in the future be caused to
sustain other great losses.

WHEREFORE, Plaintiff Glen Mauro hereby demands
judgment against Defendants for compensatory and punitive
damages, interests, costs of suit, attorneys' fees and such
other relief as the court or jury may deem proper.

### COUNT FOUR
### FAILURE TO MAINTAIN PREMISES

27.    Plaintiff Glen Mauro repeats each and every
allegation contained in the previous counts and/or
paragraphs as if set forth at length herein.

28.    At all times relevant hereto, Defendant Lowe's is and was a business existing under the duly enacted laws of the State of New Jersey with its principal place of business located at 1053 NJ-70 Manchester, NJ 08759, County of Ocean and State of New Jersey.

29.    At all times relevant hereto, Defendant Lowe's was the owner of the premises and operated, controlled and maintained the property.

30.    All aforementioned Defendants played an instrumental role in the construction, arrangement, instrumentation or maintenance of the aforementioned premises, and thereby may have caused or contributed to Plaintiff's injuries.

31.    At all times relevant hereto, Defendants had a duty to perform reasonable, regular and effective inspections of the premises for the purpose of discovering any and all dangerous or hazardous conditions thereon, and to render any such dangerous or hazardous conditions safe for persons lawfully upon said premises.

32.    Despite said duty, said Defendants failed to make reasonable and thorough inspections of said premises in that they failed to discover, recognize or appreciate a dangerous and hazardous condition, in complete disregard for the easily foreseeable possibility that a person might not see the dangerous condition and subsequently slip

and/or trip and fall, and be seriously and permanently injured. Defendant Lowe's failed to maintain the aisles of the store containing the 2x4 Lumber by failing to use the proper protocol in securing the 2x4 wood with the pipe and chain barrier designed to prevent the wood from collapsing into the aisle.

33.    As a direct and proximate result of the negligence of Defendants, Plaintiff Glen Mauro was caused to sustain serious and permanent physical injury; severe emotional distress; diminished enjoyment of life; anxiety; depression; humiliation; pain in mind and body; severe embarrassment; significant expenses for medical care and treatment; is and has been unable to live a normal life; is and has been unable to engage in normal activities; will in the future be caused to endure severe pain in mind and body; will in the future be prevented from engaging in his normal daily activities; will in the future be caused to incur significant expenses for medical care and treatment; and was and will in the future be caused to sustain other great losses.

WHEREFORE, Plaintiff Glen Mauro hereby demands judgment against all of the Defendants for compensatory and punitive damages, interest, costs of suit, attorneys' fees and such other relief as the court or jury may deem proper.

## COUNT FIVE
## FAILURE TO WARN

34.     Plaintiff Glen Mauro, repeats each and every allegation contained in the previous counts and/or paragraphs as if set forth at length herein.

35.     At all times relevant hereto, Defendant Lowe's is and was a business existing under the duly enacted laws of the State of New Jersey with its principal place of business located at 1053 NJ-70 Manchester, NJ 08759, County of Ocean and State of New Jersey.

36.     At all times relevant hereto, Defendant Lowe's was the owner of the premises and operated, controlled and maintained the property.

37.     At all times relevant hereto, Defendants had a duty to give reasonable, adequate, and effective warnings of the dangerous and hazardous condition which they permitted and maintained upon the premises, to all persons lawfully thereon, including the Plaintiff herein.

38.     Despite said duty, said Defendants engaged in reckless, careless and negligent behavior in that they failed to properly secure the 2x4 wood with the chain and pipe designed to contain the lumber creating a dangerous condition, or place any signs of any kind or otherwise warn of the dangers presented by the dangerous artificial condition.

39.    As a direct and proximate result of the negligence of the defendants, Plaintiff Glen Mauro was caused to sustain serious and permanent physical injury; severe emotional distress; damage to expensive property; diminished enjoyment of life; anxiety; depression; humiliation; pain in mind and body; severe embarrassment; significant expenses for medical care and treatment; is and has been unable to live a normal life; is and has been unable to engage in normal activities; will in the future be prevented from engaging in his normal daily activities; will in the future be caused to incur significant expenses for medical care and treatment; and was and will in the future be caused to sustain other great losses.

WHEREFORE, Plaintiff Glen Mauro hereby demands judgment against all of the Defendants for compensatory and punitive damages, interest, costs of suit, attorneys' fees and such other relief as the court or jury may deem proper.

## COUNT SIX
### FAILURE TO REPAIR AND INSPECT PREMISES

40.    Plaintiff Glen Mauro repeats each and every allegation contained in the previous counts and/or paragraphs as if set forth at length herein.

41.     At all times relevant hereto, Defendant Lowe's is and was a business existing under the duly enacted laws of the State of New Jersey with its principal place of business located at 1053 NJ-70 Manchester, NJ 08759, County of Ocean and State of New Jersey.

42.     At all times relevant hereto, Defendant Lowe's was the owner of the premises and operated, controlled and maintained the property.

43.     At all times relevant hereto, Defendants had a duty to perform reasonable, regular, effective inspections of the premises for the purpose of discovering any and all dangerous or hazardous conditions thereon, and to render any such dangerous or hazardous conditions safe for persons lawfully upon said premises.

44.     Despite said duty, said Defendants failed to make reasonable and thorough inspections of said premises in that they failed to discover, recognize or appreciate a dangerous and hazardous condition in the form of improperly secured pallets of 2x4 lumber that created a dangerous artificial condition, which was unguarded, contained hidden dangers, and had unrestricted access to it, in complete disregard for the easily foreseeable possibility that a person might not see the dangerous artificial condition of the improperly secured 2x4 lumber and subsequently have the

wood collapse on them, and be seriously and permanently injured.

45.    As a direct and proximate result of the negligence of Defendants, Plaintiff Glen Mauro was caused to sustain serious and permanent physical injury; sever emotional distress; diminished enjoyment of life; anxiety; depression; humiliation; pain in mind and body; severe embarrassment; significant expenses for medical care and treatment; is and has been unable to live a normal life; is and has been unable to engage in normal activities; will in the future be prevented from engaging in his normal daily activities; will in the future be caused to endure severe pain in mind and body; will in the future be prevented from engaging in her normal daily activities; will in the future be caused to incur significant expenses for medical care and treatment; and was and will in the future be caused to sustain other great losses.

    **WHEREFORE**, Plaintiff Glen Mauro hereby demands judgment against all of the Defendants for compensatory and punitive damages, interest, costs of suit, attorneys' fees and such other relief as the court or jury may deem proper.

## COUNT SEVEN
### FICTICIOUS PARTIES

46.   Plaintiff Glen Mauro, repeats each and every

allegation contained in the previous counts and/or

paragraphs as if set forth at length herein.

47.   The defendants, Jane and John Does (1-5); and A-Z

Owner Corporations (1-5); names for persons or entities

which have not been identified, but whose identities will

be supplemented when ascertained by the Plaintiff.

48.   Said Defendants controlled the area where Plaintiff

sustained his injuries and/or had a role in the

construction, arrangement and or maintenance of items on

the aforementioned premises, and thereby caused and

contributed to the Plaintiff's injuries.

49.   As a direct and proximate result of the negligence of

these Defendants, in the construction, arrangement,

instrumentation and maintenance of the premises, the

Plaintiff Glen Mauro was caused to sustain serious and

permanent physical injury; severe emotional distress;

diminished enjoyment of life; anxiety; depression;

humiliation; pain in mind and body; sever embarrassment;

significant expenses for medical care and treatment; is and

has been unable to live a normal life; is and had been

unable to engage in normal activities; will in the future

be caused to endure severe pain in mind and body; will in
the future be prevented from engaging in his normal daily
activities; will in the future be caused to incur
significant expenses for medical care and treatment; and
was and will in the future be caused to sustain other great
losses.

WHEREFORE, Plaintiff Glen Mauro, hereby demands
judgment against Defendants for compensatory and punitive
damages, interest, costs of suit, attorneys' fees and such
other relief as the court or jury may deem proper.


FUGGI LAW FIRM, P.C.
Attorneys for the Plaintiff



By:

ROBERT R. FUGGI, JR., ESQUIRE


Dated:

## JURY DEMAND

Plaintiff hereby demands a trial by a jury on all of the issues contained herein.

**FUGGI LAW FIRM, P.C.**
Attorneys for the Plaintiff

By: _____
ROBERT R. FUGGI, JR., **ESQUIRE**

Dated:

## DESIGNATION OF TRIAL COUNSEL

ROBERT R. FUGGI, JR., ESQ., is hereby designated as trial counsel in this matter.

**FUGGI LAW FIRM, P.C.**
Attorneys for the Plaintiff

By: _____
ROBERT R. FUGGI, JR., ESQUIRE

Dated:

## DEMAND FOR ANSWERS TO INTERROGATORIES

Plaintiff  hereby make (s) demand for fully responsive answers to New Jersey Court Rules Appendix II, Uniform Interrogatories Form C within sixty (60) days of the date of service of this Complaint.

In answering, please consider the events alleged in this Complaint as the accident or occurrence and alleged occurrence to which such questions relate. Please give information in your answers and not merely references to medical, police or other records or reports.

FUGGI LAW FIRM, P.C.
Attorneys for the Plaintiff

By: _____

ROBERT R. FUGGI, JR., ESQUIRE

Dated:

<u>**DEMAND FOR DAMAGES**</u>

Plaintiff hereby demands damages in the amount of $300,000.

Three hundred thousand dollars.

                              **FUGGI LAW FIRM, P.C.**
                              Attorneys for the Plaintiff


                    By: _____
                         ROBERT R. FUGGI, JR., ESQUIRE

Dated:

## NOTICE TO PRODUCE

Pursuant to the Rules of Court, the undersigned requests that you produce the following documents and other items for inspection and copying at the offices of Fuggi Law Firm, P.O. Box 1808, 47 Main Street, Toms River, New Jersey 08754, within 30 days. You may comply with this request by mailing legible copies of the documents.

1. All police reports, including by not limited to witness statements, pertaining to the incident that is the subject of this action.

2. All written statements made and/or signed by the party serving this request or by any agent or employee of the party serving this request.

3. All written evidence of any oral statements made by the party serving this request or by any agent or employee of the party serving this request.

4. All photographs, videos, drawings, and diagrams in the possession of you or your attorneys that depict the scene of the incident or any items or objects relevant to the happening of the incident.

5. All charts, drawings, illustrations, diagrams, and other documents that you or your attorneys intend to exhibit to the jury or introduce into evidence at the trial of this action.

6. All records pertaining to any tests, inspections, and examinations performed with respect to any object, thing, or substance relevant to this action. This refers to tests and examinations performed by persons other than you, your attorneys, or anyone acting on your behalf.

7. All documents that you or your attorneys supplied to any experts who will be called as witnesses on your behalf at the trial of this action.

8. All videos and films that you or your attorneys intend to exhibit to the jury or introduce into evidence at the trial of this action.

9. The written reports of all experts who you or your attorneys intend to call as witnesses on your behalf at the trial of this action.

10.  All interrogatories, and Notices to Produce previously answered by you in this action. All depositions noticed by you or taken of you.


                                   **FUGGI LAW FIRM, P.C.**
                                   Attorneys for the Plaintiff



                              By:_____
                                   ROBERT R. FUGGI, JR., ESQUIRE

Dated:

## DEMAND FOR DISCOVERY OF INSURANCE INFORMATION

Pursuant to R. 4:10-2 (b), the plaintiff hereby demands that the defendant (s) provide the following information with respect to the existence and contents of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment:

1. On the date of the accident, did the owner of defendant's store have a liability insurance policy and, if so, set forth the name of the insurance company, the policy number, the effective date, the policy limits and attach a copy of the Declaration page.

                                        **FUGGI LAW FIRM, P.C.**
                                        Attorneys for the Plaintiff


                        By:_____
                            ROBERT R. FUGGI, JR., ESQUIRE


Dated:

I hereby certify under penalty of law that the information set forth above in response to plaintiff's Demand for Discovery of Insurance Coverage is correct and that I will notify plaintiff's attorney immediately if I obtain any additional information.

_____
Attorney for Defendant(s)

Dated:

## CERTIFICATION

Pursuant to R. 4:5-1, it is hereby certified that the matter in controversy is not the subject of any other action pending in any Court or arbitration proceeding and Plaintiff does not contemplate any other action or Arbitration proceeding.

I certify that the foregoing statements made by me are true and correct to the best of my knowledge and information. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**FUGGI LAW FIRM, P.C.**
Attorneys for the Plaintiff

By:  _____
ROBERT R. FUGGI, JR., ESQUIRE

Dated:

EXHIBIT A



# EXHIBIT B



# EXHIBIT C



# Civil Case Information Statement

## Case Details: OCEAN | Civil Part Docket# L-000186-21

**Case Caption:** MAURO GLEN  VS LOWE'S COMPANIES INC .

**Case Initiation Date:** 01/21/2021

**Attorney Name:** ROBERT ROCCO FUGGI JR

**Firm Name:** FUGGI LAW FIRM PC

**Address:** 47 MAIN ST PO BOX 1808

TOMS RIVER NJ 08754

**Phone:** 7322409095

**Name of Party:** PLAINTIFF : MAURO, GLEN

**Name of Defendant's Primary Insurance Company**

(if known): None

**Case Type:** PERSONAL INJURY

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: GLEN MAURO? NO**

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
#### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
> **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
> **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

01/21/2021
Dated

/s/ ROBERT ROCCO FUGGI JR
Signed